J^CLARENCE E. McMANUS, Judge.
Darryl Domino (“Domino”) and Dent Doctor, Inc. (“Dent Doctor”) appeal the trial court’s judgment in favor of Service Center, Inc. (“Service Center”) for $3,789.78 plus interest and costs. For the reasons which follow, we affirm the trial court’s judgment.
In May 2001, Dagan Bonvillian (“Bonvil-lian”), Vice President of Service Center, *829 and Joe Ordoyne.(“Ordoyne”), an employee of Dent Doctor, formed a trade of services agreement. Dent Doctor was to paint and restore Bonvillian’s Firebird automobile and Service Center was to fix a “blower motor” in Dent Doctor’s paint booth and repair the air conditioning units in the building. This agreement was oral and was not written.
Service Center successfully completed the work on the “blower motor”. Dent Doctor also successfully completed the restoration work on Bonvillian’s Firebird. Cliff Bonvillian, an employee of Service Center, then inspected the air conditioning units and determined that they could not be repaired. Service Center then offered to install a new central air conditioning system in exchange for Dent Doctor repainting Cliff Bonvillian’s 1981 Ford van. The air conditioning unit was | ¡¡successfully installed by Service Center and an invoice for the service was signed by Ordoyne. However, Dent Doctor did not perform the work on Cliff Bonvillian’s van.
Service' Center filed suit against Dent Doctor and Domino, the president and sole shareholder of Dent Doctor for the cost of the air conditioning system that had been installed, alleging breach of contract. A bench trial was held on February 13, 2003 and the trial court rendered a judgment in favor of Service Center and against both defendants in the amount of $3,789.78, which represented the full cost of the central air conditioning installation. The trial court further found that an invoice in the amount of $303.40, which represented the work done on the “blower motor”, had been satisfied and was not part of' the judgment. Dent Doctor and Domino now appeal this judgment and the award to plaintiffs.
On appeal, defendants argue that there was no contract between the parties because there was no agreement as to the object, price or thing to be done. Alternatively, defendants argue that Domino should not be held personally liable for his acts on behalf of the corporation because it would “pierce the corporate veil”.
We agree with the trial court that there was an agreement between the parties that Service Center would install the air conditioning unit and in exchange Dent Doctor would paint the van. Louisiana Civil Code Procedure Article 1927 provides:
A contract is formed by the consent of the parties established through offer and acceptance. ■
Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.
Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.
| ¿Service Center made the offer to Dent Doctor to install the air conditioning system in exchange for Dent Doctor painting the van. Dent Doctor accepted the offer by Service Center and then accepted the finished work and the air conditioning system. This agreement formed a contract between the parties. The air conditioner was installed .successfully and Or-doyne signed the invoice. Domino knew that Service Center was installing the air conditioner and- he did not object. Thereafter, Domino and Dent Doctor did not fulfill their part of the agreement by painting Bonvillian’s van. Therefore, we agree with the trial court and find that Dent Doctor breached the contract with Service Center. In addition, we agree with the trial court’s judgment awarding Service *830 Center $3,789.78, representing the costs of the central air conditioner installation.
We also find that Domino can be held personally liable for the cost of the air conditioning unit. Domino personally owned the property, or building, in which the air conditioning system was installed. He approved the installation of the unit and enjoyed the benefit to his property. No “piercing of the corporate veil” is necessary in order to hold Domino personally liable. In addition, Domino answered the petition and failed to file a peremptory exception of no cause of action arguing that he is not personally liable. Therefore, the trial court correctly held Domino and Dent Doctor liable for the cost of the air conditioning system.
In accordance with the above, we affirm the trial court’s judgment in favor of Service Center in the amount of $3,789.78. We also order the defendants to pay the costs of this appeal and attorneys’ fees.

AFFIRMED.